# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Michael Otto,                                                    Case No. 0:22-cv-5 (KMM/BRT)

    Plaintiff,

v.

               **ORDER**

Independent School District No. 273,
*a.k.a.* Edina School District,

    Defendant.

This matter came before the Court on Plaintiff Michael Otto's Motion for Preliminary Injunction. [ECF No. 25]. Mr. Otto sought an order enjoining Defendant Independent School District No. 273 (the School District) from using or displaying its mascot pending resolution of his copyright infringement and related claims. Following oral argument, the Court denied the Motion from the bench. [ECF No. 48]. The Court fully stated its reasoning on the record and now issues this Order to capture that ruling.

To be entitled to a preliminary injunction, a party must show that (1) he will likely succeed on the merits; (2) he will suffer irreparable harm; (3) the balance of equities tips in his favor; and (4) the injunction is in the public interest. *Dataphase Sys. Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); *MPAY Inc. v. Erie Custom Comput. Applications, Inc.*, 970 F.3d 1010, 1015 (8th Cir. 2020). "While 'no single factor is determinative' the probability of success factor is the most significant." *MPAY Inc.*, 970

F.3d at 1015 (quoting *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013)). "[A] court should flexibly weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires the court to intervene." *Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 601 (8th Cir. 1999) (quotation omitted).

The Court denied Mr. Otto's motion because he failed to show that he will suffer any irreparable harm if the injunction he seeks is not granted. The Court suggested that the other equities—harm to the defendant and the public's interest—similarly weighed against issuance of the injunction, though were less critical than the insufficient showing of irreparable harm to Mr. Otto absent injunctive relief. The Court declined to address the likelihood of success on the merits, though it observed that this dispute will likely be fact intensive, such that discovery will have a meaningful impact on the outcome of the various claims.

For these reasons and the others stated on the record, Mr. Otto's Motion for Preliminary Injunction [ECF No. 25] is **DENIED**.

**IT IS SO ORDERED**.

Date: June 24, 2022

  *s/ Katherine Menendez*
Katherine Menendez
United States District Judge